UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO OLIVENCIA, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:21cv739 (KAD) |
| : | |
| MRS. PUN and JOHN DOE, : | : |
|     Defendants. : | |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Francisco Olivencia, ("Olivencia") a sentenced prisoner[1] in the custody of the Connecticut Department of Correction ("DOC"), confined at MacDougall-Walker Correctional Institution ("MacDougall"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, against Bridgeport Correctional Center ("BCC") Correctional Officers Pun and John Doe alleging violations of his constitutional rights. ECF No. 1. He seeks damages and injunctive relief. *Id.* at ¶¶ 82-98. For the following reasons, the Complaint is dismissed in part. However, as detailed below, Olivencia's Eighth Amendment claims shall proceed beyond initial review.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The publicly-available DOC website shows that Olivencia was sentenced to seven years incarceration on February 15, 2017. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=360284.

relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).[2]

**ALLEGATIONS**

---

[2] The court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims because the purpose of an initial review order is to conduct a prompt initial screening to determine whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

On December 1, 2020, Olivencia was assaulted by another inmate while Officer Pun watched from the Officer's Station. Compl. at ¶¶ 4-6. After this assault, Officer John Doe rushed at Olivencia, picked him up and slammed him on the concrete floor, thereby shattering and breaking Olivencia's knee and causing him excruciating pain. *Id.* at ¶¶ 7-10.

In an effort to protect Officer Doe, Officer Pun wrote a false disciplinary report accusing Olivencia of fighting and throwing the first punch. *Id.* Olivencia alleges that Officer Pun was attempting to strip him of his Fourteenth Amendment procedural due process rights by issuing the false disciplinary report for fighting. *Id.* at ¶¶ 14-15.

The disciplinary report was later dismissed because it was "determined I/M was assaulted." *Id.* at ¶¶ 16-17, p. 17.

Olivencia subsequently commenced his grievance filing to exhaust his administrative remedies; despite his attempts, his administrative remedies were not available. *Id.* at ¶¶ 19-57.

Olivencia requested video footage of the incident be preserved but Defendants failed to provide a response that the video was preserved. *Id. at* ¶¶ 58-79. Olivencia has also yet to receive any incident reports or names of the officers involved in the incident. *Id.* at ¶¶ 80-81.

## DISCUSSION

Olivencia's allegations raise Eighth Amendment claims arising from Officer Doe's assault and excessive use of force; Officer Pun's failure to intervene during Officer Doe's assault on Olivencia, and Officer Pun's failure to protect Olivencia from assault by another inmate. Olivencia also asserts a Fourteenth Amendment procedural due process violation by Officer Pun for issuing a false disciplinary report and he complains of interference with his grievance procedure.

**Eighth Amendment Excessive Force and State Law Assault and Battery**

The Eighth Amendment protects prisoners from "cruel and unusual punishments." U.S. CONST. amend. VIII. "Although not every malevolent touch by a prison guard gives rise to a federal cause of action, inmates have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotations and citations omitted). In order to state an Eighth Amendment claim for the use of such excessive force, an inmate must allege two elements: (1) a sufficiently serious use of force (the objective element) (2) that has been inflicted for malicious or sadistic reasons rather than in a good-faith effort to maintain or restore discipline (the subjective element). *See Harris v. Miller*, 818 F.3d 49, 63-64 (2d Cir. 2016) (per curiam). Officers are liable not only when they use excessive force themselves, but also when they fail to intervene to stop the excessive use of force by another officer when in a position to observe the conduct and with time to intervene. *See Sloley v. VanBramer*, 945 F.3d 30, 46-47 (2d Cir. 2019).

Olivencia has sufficiently alleged enough facts for initial review purposes to sustain a claim for Eighth Amendment excessive force against Officer Doe. He also sufficiently states an excessive force claim against Pun for failure to intervene during the assault by Doe because his allegations indicate that Pun was present during Officer Doe's alleged attack but did not stop it.

**Eighth Amendment Failure to Protect**

!     "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, "not ... every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A claim that a correctional officer

4

failed to protect an inmate from attack rises to the level of a constitutional violation only when the officer acted with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* at 828.

Construed most favorably to Olivencia, the allegations plausibly suggest that Officer Pun was aware of the attack on him by the other inmate but failed to take any measures to protect him from the inmate attack. *See Davidson v. Cannon,* 474 U.S. 344, 348 (1966). Accordingly, the Court will permit Olivencia's Eighth Amendment failure to protect claim to proceed against Officer Pun.

**False Disciplinary Report**

Olivencia alleges that Officer Pun violated his procedural due process rights by writing a false disciplinary report. The Court must analyze a claim of violation of procedural due process by (1) asking whether there exists a liberty or property interest of which a person has been deprived, and (2) if so, whether the procedures followed by the State were constitutionally sufficient. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). Olivencia has not alleged plausible claims of his Fourteenth Amendment procedural due process rights because he has not alleged that he was deprived of any liberty interest.

In the prison context, which involves persons whose liberty interests have already been severely restricted because of their confinement in a prison, a prisoner cannot show a cognizable deprivation of "liberty" unless he can show that he was subject to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As the Second Circuit has explained, courts must examine the actual punishment

received, as well as the conditions and duration of the punishment. *See Davis v. Barrett*, 576 F.3d 129, 133–34 (2d Cir. 2009); *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).

Indeed, a "prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citations omitted). There are "two exceptions to this rule: when an inmate is "able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (citation and internal quotation marks omitted); *Velez v. Burge*, 483 F. App'x 626, 628 (2d Cir. 2012) ("[An] inmate must show something more, such as that he was deprived of due process during the resulting disciplinary hearing, or that the misbehavior report was filed in retaliation for the inmate's exercise of his constitutional rights."); *Shand v. Parsons*, No. 3:20-CV-28 (CSH), 2020 WL 1989151, at *3 (D. Conn. Apr. 27, 2020) (same).   Olivencia has only alleged that he was issued a false disciplinary report. But the report was dismissed. He does not allege any discipline resulting from the report let alone discipline resulting from procedural due process violations. Accordingly, he has not alleged a plausible procedural due process claim.

He has also failed to state a plausible claim of First Amendment retaliation, which requires a plaintiff to allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took an adverse action against [him or her], and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks and citation omitted). Olivencia has failed to allege any facts showing that he engaged in any protected speech or

conduct that motivated Officer Pun to file a false disciplinary report against him. Accordingly, Olivencia has not stated any plausible constitutional claims based on Officer Pun allegedly filing a false disciplinary report against him.

**Administrative Grievances**

To the extent Olivencia alleges that his constitutional rights have been violated in connection with improper handling of his grievances, such claims are not plausible under 42 U.S.C. § 1983. The Second Circuit has held that neither state directives nor "state statutes ... create federally protected due process entitlements to specific state mandated procedure." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003). Thus, allegations that a prison official violated the procedures set forth in a state's administrative remedy program that is applicable to prisoner grievances do not state a claim of a violation of an inmate's constitutional rights. *See Swift v. Tweddell*, 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008) ("It is well established [ ] that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim.") (collecting cases); *Fernandez v. Armstrong*, 2005 WL 733664, at *9 (D. Conn. Mar. 30, 2005) ("This district has previously held that failure of a correctional official to comply with the institutional grievance procedures [set forth in Administrative Directive 9.6] is not cognizable in an action filed pursuant to 42 U.S.C. § 1983, unless the action caused the denial of a constitutionally or federally protected right.").

In addition, "prisoners do not have a due process right to a thorough investigation of grievances." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 347 (N.D.N.Y. 2010) (citing *Torres*

*v. Mazzuca*, 246 F. Supp. 2d 334, 341–42 (S.D.N.Y. 2003) ("The corrections officers' failure to properly address [plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [plaintiff] was not deprived of a protected liberty interest.")). Accordingly, this claim is dismissed as not plausible.

### Request for Injunctive Relief

Olivencia requests a temporary restraining order or preliminary injunction for prison officials to provide him with the names of the officers involved in the incident alleged, including the Doe defendant who allegedly assaulted him. He also requests a court order for DOC to provided him with a video of the incident and all relevant documents and a preservation order for his medical records. Olivencia's requests for injunctive orders are essentially discovery requests, which should not be filed with the Court in the first instance. *See* Local Rule 5(f)(1). He can seek this information through discovery. Indeed much of this information will be covered by the court's standing order on initial disclosures.

### ORDERS

The Court enters the following orders:

(1) The case shall proceed on Olivencia's Eighth Amendment excessive force claim against Officer Pun and Officer John Doe in their individual capacities and on his Eighth Amendment failure to protect claim against Officer Pun in her individual capacity. All other claims are DISMISSED without prejudice.

(2) The clerk shall verify the current work addresses for Officer Pun with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to her at her confirmed address on or before **August 17, 2021,** and report on the status of the waiver

request on the **thirty-fifth (35th) day** after mailing. If Officer Pun fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and Officer Pun shall then be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) The Clerk cannot effect service on an unnamed "Doe" defendant without that defendant's full name and current work address. Plaintiff is directed to obtain this information during discovery and to file a notice containing the information with the court. **Once defendant Doe has been identified, the court will order that he or she be served with a copy of the complaint. Failure to identify a Doe defendant will result in the dismissal of all claims against that defendant.**

(5) The defendant Officer Pun shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to her. If the defendant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above. The defendant may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **January 27, 2022**. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **February 27, 2022.**

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(11) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defense counsel by regular mail.

**SO ORDERED** this 27th day of July 2021 at Bridgeport, Connecticut.

/s/_____
Kari A. Dooley
United States District Judge