UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO OLIVENCIA,<br>    *Plaintiff*,<br><br>v.<br><br>PUN, et al,<br>    *Defendants*. | )<br>)<br>)<br>)   3:21-cv-739 (OAW)<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER

**THIS ACTION** is before the court upon the parties' Motion for Protective Order. *See* ECF No. 66. In the motion, the parties ask the court to (1) adjust the definition of "confidential information" in the standing protective order, and (2) limit the viewing of certain video files showing footage of the incident that precipitated this action because the video footage shows inmates and the interior of a correctional facility. The court finds that while there is good cause to grant the latter request, *see* Fed. R. Civ. P. 26(c), the proposed alteration to the "confidential information" definition is too broad and may encompass information which is not properly protected. Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion for Protective Order, ECF No. 66, is **GRANTED in part**.
2. The request to designate additional information as "confidential information" is denied without prejudice to renewal.
3. The request to limit the distribution of video files is granted, as modified herein. The use of any video file which shows or depicts any inmate or

    any part of the inside or outside of a Connecticut correctional institution shall consist of and be limited to disclosure to:

        a. Counsel of record for the named plaintiff and defendant;

        b. Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

        c. Intern, paralegal, clerical and secretarial staffs employed by counsel referenced in subparagraph (a) above;

        d. This court;

        e. Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

        f. The plaintiff while he is in the presence of his counsel of record;

        g. Witnesses at deposition and trial; and

        h. Jurors at trial.

4. Any person identified in subparagraphs (3)(b), (3)(c), and (3)(g) to whom the video file is to be disclosed subject to this order shall be informed of the contents of this order prior to said disclosure and shall agree in writing, or by statement recorded in a written transcript of proceedings, to be bound by its terms.

5. The plaintiff, his attorneys, agents, employees, and/or experts are expressly prohibited from copying said video files without prior written consent of defendants' counsel or approval of the court, except that plaintiff's counsel may save an electronic copy of the video file on their workplace computers and may make copies for purposes of court

submissions, subject to paragraph (8) below. Although the plaintiff and his counsel of record are permitted to disclose the contents of the video file to deposition and/or trial witnesses subject to the requirements set forth herein, the plaintiff and his counsel of record are prohibited from providing a physical copy or copies of the video file to any deposition and/or trial witness. Within thirty days of the conclusion of the case, including any appeals thereof, all copies of the video file shall be returned to defense counsel.

6. Any party may seek a modification of the protective order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation.

7. Nothing in the order waives any party's right to object to the admissibility of any video file at trial in this or any other proceeding.

8. Prior to filing said video files with the court and/or moving for its introduction into evidence, both parties will jointly request that the video files be filed under seal.

**SO ORDERED** in Hartford, Connecticut, this 20th day of December, 2022.

                                               _/s/_
                                   OMAR A. WILLIAMS
                                   UNITED STATES DISTRICT JUDGE